1  Michele R. Stafford, Esq. (SBN 172509)
   Jessica N. Melgar, Esq. (SBN 311575)
2  SALTZMAN & JOHNSON LAW CORPORATION
3  1141 Harbor Parkway, Suite 100
   Alameda, CA 94502
4  Telephone: (510) 906-4710
   Email: mstafford@sjlawcorp.com
5  Email: jmelgar@sjlawcorp.com

6  Attorneys for Plaintiffs, District Council 16
7  Northern California Health and Welfare Trust Fund, et al.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 DISTRICT COUNCIL 16 NORTHERN              Case No.
   CALIFORNIA HEALTH AND WELFARE
12 TRUST FUND; and its JOINT BOARD OF        **COMPLAINT**
   TRUSTEES; ROBERT WILLIAMS and JOHN
13 MAGGIORE, Trustees;

14
   BAY AREA PAINTERS AND TAPERS
15 PENSION TRUST FUND, and its JOINT BOARD
   OF TRUSTEES; ROBERT WILLIAMS and
16 JEANNIE SIMPELO, Trustees;

17
   DISTRICT COUNCIL 16 NORTHERN
18 CALIFORNIA JOURNEYMAN AND
   APPRENTICE TRAINING TRUST FUND, and its
19 JOINT BOARD OF TRUSTEES; ROBERT
   WILIAMS and JEANNIE SIMPELO, Trustees;
20
21            Plaintiffs,

22        v.

23 DOLACKI CONSTRUCTION, a California
   Partnership; DOLACKI CONSTRUCTION
24 COMPANY, INC., a California Dissolved
   Corporation; ROBERT LAWRENCE DOLACKI,
25 an Individual; and, CHERYL DARLENE
   DOLACKI, an Individual,
26
27            Defendants.

28

                                    1
COMPLAINT
Case No.

Parties

1.      The District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"); Bay Area Painters and Tapers Pension Trust Fund, including the Bay Area Painters and Tapers Pension Trust Fund Annuity Plan (together "Pension Funds"); and District Council 16 Northern California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds under ERISA § 302(a), 29 U.S.C. § 1002(a). Robert Williams and John Maggiore are Trustees, and fiduciaries, of the Health Fund. Robert Williams and Jeannie Simpelo are Trustees, and fiduciaries, of the Pension Fund and Apprentice Fund. The Health Fund, Pension Funds, Apprentice Fund, and their respective Trustees and fiduciaries are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.      Dolacki Construction, a California partnership, and Dolacki Construction Company, Inc., a California dissolved corporation, are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

3.      Robert Lawrence Dolacki, an individual, is the qualifying partner and Cheryl Darlene Dolacki, an individual, is the general partner of Dolacki Construction, a California partnership, and were the chief executive officer and chief financial officer, respectively of  Dolacki Construction Company, Inc., a California dissolved corporation, and are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

4.      Dolacki Construction, a California partnership; Dolacki Construction Company, Inc., a California dissolved corporation, Robert Lawrence Dolacki, an individual, and Cheryl Darlene Dolacki, an individual, are hereinafter collectively referred to as "Defendants."

5.      The California Corporations Code, including, but not limited to Section 16306(a) provides that "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." Absent any limitation in the partnership agreement, partners are personally liable for the obligations of the partnership. *Rudolph v. Johnson*, 127 Cal. App. 451, 458 (1932) (Each partner is liable with the partnership for the debts of the latter); *In re*

**COMPLAINT**
**Case No.**

1   *Crockett*, 150 F. Supp. 352, 354 (N.D. Cal. 1957) Accordingly, Robert Lawrence Dolacki and Cheryl

2   Darlene Dolacki, are individually liable for amounts owed by the partnership herein.

3   Jurisdiction

4   6.   Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of

5   ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and

6   the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief

7   to redress such violations, and seek all other appropriate relief under ERISA.

8   7.   Jurisdiction exists in this Court over all the claims by virtue of the Labor Management

9   Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and

10  conditions of valid Bargaining Agreement.

11  8.   To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,

12  supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

13  arise out of a common nucleus of operative facts that form the basis of the federal claims asserted

14  herein, each of which has a substantial ground in federal jurisdiction.

15  Venue

16  9.   Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is

17  brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

18  discretion, in the district where the plan is administered, where the breach took place, or where a

19  defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at

20  their principal place of business in Dublin, California. Thus, jurisdiction and venue are properly

21  grounded with this Court.

22  10.   Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. §

23  185, as this Court has jurisdiction over the parties, as District Council No. 16 of the International Union

24  of Painters and Allied Trades (the "Union") maintains its principal place of business in this district, its

25  duly authorized officers or agents are engaged in representing employee members in this district, and the

26  claims arise in this district.

27  Intradistrict Assignment

28  11.   The basis for assignment of this action to this Court's Oakland Division is that all of the

3

1    events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA

2    Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to

3    fulfill its statutory and contractual obligations to Plaintiffs.

4                                        Bargaining Agreement

5         12.    Defendant Dolacki Construction, entered into the Northern California Drywall Finishers

6    Master Agreement  ("Bargaining Agreement"), including the Fresno Area Addendum covering work

7    performed within Fresno County, between the Union and the Wall and Ceiling Alliance, requiring

8    employer contributions to Plaintiffs' ERISA Funds, to the Union for union dues, and to the other plans

9    more fully described in the Bargaining Agreement. In addition, Defendant Cheryl Darlene Dolacki

10   entered into the Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds, under

11   which Defendant Cheryl Darlene Dolacki agreed to be personally and individually liable for amounts

12   owed under the Bargaining Agreement to Plaintiffs by Defendant Dolacki Construction.  Plaintiffs are

13   third party beneficiaries of the Bargaining Agreement.

14        13.    Plaintiffs are informed and believe that Defendants Dolacki Construction, a California

15   partnership, Dolacki Construction Company, Inc., a California dissolved corporation, Robert Lawrence

16   Dolacki, an individual, and Cheryl Darlene Dolacki, an individual, are a single employer.

17        14.    Under the terms of the Bargaining Agreement, Plaintiffs' Trustees are authorized to

18   collect monies due by Defendants to the following plans: the IUPAT Finishing Trades Institute, the

19   IUPAT Labor-Management Cooperation Initiative, the Work Preservation Fund, the Industry Fund,  the

20   Skills, Safety, Supervisor & Survival Training Awards Recognition (STAR) Program, Inc., the

21   Vacation/Holiday Fund, and the IUPAT Political Action Together-Political Committee (collectively

22   referred to herein as the "Bargained Entities"). Plaintiffs' Boards of Trustees have been authorized to

23   collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the

24   Bargaining Agreement and Trust Agreements.

25        15.    Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the

26   "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on

27   Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and

28   the Union, certain sums of money, the amounts of which are determined by the hours worked by

4

Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month hours were worked, and considered delinquent if not received by the last day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the day contributions become delinquent, which is the first (1st) day of the month following the month in which payment was due, until paid.

16.     The Bargaining Agreement further requires Defendants to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

17.     Defendants have failed and refused to pay contributions for hours worked by their employees during the months of January 2020 and February 2020. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for these months.

18.     Defendants have failed and refused to pay liquidated damages and interest from late-paid contributions for the months of May 2018 and June 2018.

19.     Plaintiffs are also entitled to recover any and all contributions, and all liquidated damages and interest on delinquent contributions, found due on timecards, audit, or otherwise including estimated contributions for months Defendants failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

20.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19, above.

**COMPLAINT**
**Case No.**

21.     Defendants have a contractual duty to timely report and pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

22.     In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

23.     By failing to make the required payments to Plaintiffs, Defendants breached the Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

24.     Defendants' failure and refusal to pay the required contributions was at all times, and still is, willful. Defendants continues to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to report and pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

25.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

26.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

27.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

**COMPLAINT**
**Case No.**

6

P:\CLIENTS\PATCL\Dolacki Construction\Pleadings\Word Versions + Fillable PDFs\Complaint.docx

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

     1.     For a judgment against Defendants as follows:

          (a)     Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

               i.     To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

               ii.     To the Union in accordance with the Bargaining Agreement.

          (b)     Liquidated damages on all unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

          (c)     Interest on all unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

     2.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

     3.     For an order,

          (a)     requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

          (b)     enjoining Defendants from violating the terms of those documents and of ERISA; and;

          (c)     enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

     4.     That the Court retain jurisdiction of this case pending compliance with its orders.

**COMPLAINT**
Case No.

1    5.    For such other and further relief as the Court may deem just and proper.

2

3    DATED: May 15, 2020                    SALTZMAN & JOHNSON LAW CORPORATION

4

5                                    By:    _____/S/_____

6                                           Jessica N. Melgar
                                            Attorneys for Plaintiffs, District Council 16 Northern
7                                           California Health and Welfare Trust Fund, et al.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**COMPLAINT**
**Case No.**